UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:19-cr-101-LEW |
| | ) | |
| LEANZA BONEY, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On February 12, 2020, I sentenced Defendant Leanza Boney to a 57-month term of imprisonment following his guilty plea to trafficking in controlled substances.  On July 2, 2020, Mr. Boney filed a letter with the Court, in which letter he requests compassionate release based on the presence of the COVID-19 virus in the federal detention center in which he is housed. According to Mr. Boney, who turns 23 this week, he is susceptible to the virus because he lives in close quarters with other inmates.  Mr. Boney asks that I appoint counsel to represent him in support of his request for compassionate release.  Letter Motion (ECF No. 52).

The federal statute that authorizes compassionate release is drawn to require that an inmate first direct a release request to the Director of the Bureau of Prisons (via the warden of the inmate's facility), but it permits an inmate to direct the request to the court if the Bureau fails to respond within 30 days of receipt.  18 U.S.C. § 3582(c)(1)(A).  To obtain compassionate release, an inmate who is not of advanced age must demonstrate that there are "extraordinary and compelling reasons" for release and that the request otherwise comports with § 3553 sentencing factors.  *See id.*; U.S.S.G. § 1B1.13 (Sentencing Commission policy statement concerning compassionate release).

Mr. Boney has not indicated that he presented his compassionate release request to the warden of his facility.  Nor am I persuaded by the letter that the 30-day delay associated with that requirement is unjust in relation to Mr. Boney's presentation.  *See United States v. Crosby*, No. 1:17-cr-00123-JAW-1 (D. Me. Apr, 28, 2020) (citing cases in which courts excused the failure to exhaust administrative remedies); *see also*, *e.g.*, *United States v. Jones*, No. 15-CR-30023, 2020 WL 3639641, at *2 (C.D. Ill. July 6, 2020) ("The Court finds that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic.  That does not mean the Court will waive the exhaustion requirements in all cases.  The decision must be made on a case-by-case basis.").

Because Mr. Boney has not demonstrated that he first directed a compassionate release request to the warden, and because his letter motion does not describe any "extraordinary and compelling" reason for release – he identifies only the existence of COVID-19 in his facility[1] – Mr. Boney's letter request for compassionate release and appointment of counsel is DENIED, WITHOUT PREJUDICE to Mr. Boney's ability to refile following compliance with the statutory procedure.

So Ordered.

Dated this 13th day of July, 2020.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Boney filed a document titled Information for Inmate Population (ECF No. 52-1), signed by Warden D.K. Wight on June 18, 2020.  The document relates that 6,300 inmates have tested positive for COVID-19, with 77 deaths. The information evidently pertains to all facilities managed by the Bureau of Prisons.